UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NOOR AYESHA NH,<br><br>         Plaintiff,<br><br>    v.<br><br>AHMED HUSSAIN NH, *et al.*,<br><br>         Defendants. | CASE NO. C22-01003-LK<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court on *pro se* Plaintiff Noor Ayesha Nh's complaint, Dkt. No. 6. United States Magistrate Judge Michelle L. Peterson granted Plaintiff's application to proceed *in forma pauperis* but recommended that the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons. Dkt. No. 5.

Federal courts are courts of limited jurisdiction, and they "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This means that the Court can only hear certain types of cases. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). The typical bases for federal jurisdiction are established where (1) the complaint presents a federal question "arising under the Constitution,

ORDER TO SHOW CAUSE - 1

laws, or treaties of the United States" or (2) where the parties are diverse (*e.g.*, residents of different states) and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The Court must dismiss the action if it "determines at any time that it lacks subject-matter jurisdiction" over a case. Fed. R. Civ. P. 12(h)(3). In addition, under 28 U.S.C. § 1915(e)(2), the Court must dismiss a plaintiff's complaint if her claims (1) are frivolous or malicious, (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief.

The party asserting jurisdiction has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). Plaintiff has not met that burden. The complaint, even when liberally construed, fails to identify any basis for the Court's jurisdiction. Plaintiff alleges that other courts have dismissed all of her cases, so she filed with this Court. Dkt. No. 6 at 43. She also alleges that Defendants—who include members of Plaintiff's family—harassed her, abused her, and prevented her from traveling abroad, *id.* at 3–5, 11–13, 20, but those claims do not arise under any federal laws or the United States Constitution. Plaintiff does not allege facts to show that diversity jurisdiction exists either. The complaint does not seek damages above $75,000 or in any amount,[1] and it lists her address and all Defendants' addresses in India. *Id.* at 1–3.

Nor does the Complaint include any facts to show that this Court has personal jurisdiction over Defendants. Washington State allows courts to exercise personal jurisdiction over defendants if consistent with due process, *Easter v. Am. W. Fin.*, 381 F.3d 948, 960 (9th Cir. 2004), and due process is satisfied when the defendant has "certain minimum contacts" with the forum such that exercising personal jurisdiction over it does not offend "traditional notions of fair play and

---

[1] Plaintiff seeks a writ to restrain Defendants from abusive behavior, "[c]ost imposition on this harassment by moving matter to ICJ, Netherland," and other writs and orders as the Court deems fit. Dkt. No. 6 at 49–50.

ORDER TO SHOW CAUSE - 2

substantial justice," *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations and quotation omitted). Because the complaint does not allege that Defendants had minimum contacts with Washington, dismissal may be warranted based on lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).

In addition, the complaint fails to state a claim upon which relief can be granted by a federal court. A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In addition to those jurisdictional and pleading defects, the complaint suffers from another problem: Plaintiff has filed similar complaints in at least two other judicial districts. *See Ayesha v. Hussain*, No. 3:22-cv-210-TMR-PBS, Dkt. Nos. 1, 9 (S.D. Ohio June 3, 2022 and Aug. 8, 2022); *Ayesha v. Ayesha*, No. 2:22-cv-3154-TMR-PBS, Dkt. No. 1-1 (S.D. Ohio Aug. 17, 2022); *Nh v. Nh*, No. 1:22-cv-3711-DG-RML, Dkt. Nos. 1, 5, 6 (E.D.N.Y. June 21, 2022, June 24, 2022, and June 27, 2022). Because plaintiffs are generally not permitted to maintain duplicative cases in multiple jurisdictions, the first-to-file rule allows a district court to transfer, stay, or dismiss an action if another case with the same parties and issues is already pending before another district court. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). The parties and issues in each action "need not be identical, only substantially similar." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). This case was filed on July 18, 2022. Dkt. No. 1. By then, Plaintiff had already filed at least two cases in other jurisdictions against at least some of the same defendants with overlapping allegations of harassment and substantially similar prayers for relief. *See Ayesha v. Hussain*, No. 3:22-cv-210-TMR-PBS, Dkt. No. 9 (S.D. Ohio June 3, 2022); *Nh v. Nh*, No. 1:22-cv-3711-DG-RML, Dkt. No. 6 (E.D.N.Y. June

ORDER TO SHOW CAUSE - 3

21, 2022). Therefore, under the first-to-file rule, the Court could decline jurisdiction over this case or transfer it to the Southern District of Ohio where Nh's earlier filed cases are pending.[2]

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why the complaint should not be dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction, failure to state a claim, and because she is pursuing similar actions in at least two other judicial districts. Plaintiff shall, within thirty (30) days of the date of this Order, (1) file a response explaining why this case should not be dismissed or transferred under the first-to-file rule, and (2) file an amended complaint that provides a short and plain statement of the factual basis for each of the claims as required by Federal Rule of Civil Procedure 8 and identifies the basis for the Court's subject matter jurisdiction over the case and personal jurisdiction over the Defendants. Such amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the defendant(s), the claim(s) asserted, the specific facts that Plaintiff believes support each claim, and the specific relief requested. If a proper amended complaint is not filed within thirty (30) days of the date of this Order, this action will be dismissed without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to Plaintiff at her last known address, and to place this Order to Show Cause on the Court's calendar for October 12, 2022.

Dated this 12th day of September, 2022.

Lauren King
United States District Judge

---

[2] A Magistrate Judge has recommended dismissal of Plaintiff's earlier-filed action in the Southern District of Ohio. *Ayesha v. Hussain*, No. 3:22-cv-210, 2022 WL 4000032, at *1 (S.D. Ohio Sept. 1, 2022).